John L. PARKS, d/b/a American Box & Paper Company

v.

ATLANTA PRINTING PRESSMEN & ASSISTANTS UNION NO. 8, INTERNATIONAL PRINTING PRESSMEN AND ASSISTANTS UNION OF NORTH AMERICA, A. F. OF L.

Civ. A. No. 5183.

United States District Court
N. D. Georgia, Atlanta Division.
June 26, 1956.

Smith, Kilpatrick, Cody, Rogers & Mc-Clatchey, Atlanta, Ga., for plaintiff.

Mitchell & Walters, Atlanta, Ga., for defendant.

HOOPER, Chief Judge.

Plaintiff John L. Parks of Atlanta, doing business as American Box & Paper Company, brought this action against Atlanta Printing Pressmen & Assistants Union No. 8, International Printing Pressmen and Assistants Union of North America, A. F. of L., hereinafter referred to as defendant and as Local No. 8. He seeks to recover damages to his business because of a strike of certain of his employees called by the defendant labor union in its efforts to obtain recognition, and allegedly in violation of the provisions of Section 303(b) of the Labor Management Relations Act of 1947, as amended (see Title 29 U.S.C.A. § 187).

At the time of the strike the defendant union was seeking recognition by plaintiff of itself as the bargaining representative of certain employees, notwithstanding the fact that a rival union (Local No. 51 Amalgamated Lithographic Workers of America, C.I.O.,) had been certified more than a year before by the National Labor Relations Board as the exclusive bargaining agent of such employees, and had never been decertified by action of the National Labor Relations Board.

The vital question raised by the motion to dismiss is this, whether the defendant local union at the time of calling the strike could, even in good faith, legally assume to decide for itself that the rival union (certified over a year previously) was not then in fact the bargaining representative of such employees, without first obtaining an adjudication of that fact from the Labor Board.

There can be no doubt from the record in this case that at the time of the strike and for some months prior thereto, Local No. 51 had been quite inactive. There had existed no labor agreement for the years 1953, 1954 or 1955; no grievances of employees had been processed and, while a wage increase was ne-

gotiated by this rival union during 1953, it had not since that date attempted to bargain with the company. While at the date of certification there were seven employees working in the unit, none of them at the time of the strike were employed by plaintiff, they having quit work before the strike or having gone out on the current strike. In short Local No. 51 at the time of the strike, did not in fact represent a majority of the employees and defendant union was authorized to so believe, unless the outstanding certification, more than a year old, required it to find otherwise.

Plaintiff earnestly insists that, whatever may have been the apparent justification for calling the strike, it must be declared illegal, having been called in the face of a certification of a rival union more than a year old and never formally set aside.

This case involved the construction of the amendment to the National Labor Relations Act adopted in 1947, being Section 9(c) of said Act (see 29 U.S.C.A., § 187(a) (3), reading as follows:

> "It shall be unlawful, * * * for any labor organization to engage in, or to induce or encourage the employees of any employer to engage in, a strike or a concerted refusal in the course of their employment to use * * * or otherwise handle or work on any goods * * * or to perform any services, where an object thereof is * * * (3) forcing or requiring any employer to recognize or bargain with a particular labor organization as the representative of his employees if another labor organization has been certified as the representatives of such employees under the provisions of section 159 of this title."

It is further provided that any one injured by a violation of the aforesaid may recover damages.

Section 159 above referred to provides that whenever a petition shall be filed to the Board by a group of employees seeking recognition "no election shall be directed in any bargaining unit or any subdivision within which in the preceding twelve-months period, a valid election shall have been held." See 29 U.S.C.A., § 159(c) (3).

By construing together the above quoted portions of Section 187 and 159 it appears that the rival union had no right to petition for recognition within one year after the election which favored the other union, and thus a difficult question arises as to whether the defendant union in this case was justified in calling the strike for recognition, more than a year after the other election, without obtaining a certification by the National Labor Relations Board of it's status.

Apparently the defendant local union was at first of the opinion that its proper procedure to obtain recognition was to petition the National Labor Relations Board for recognition, and it did so, but subsequently withdrew the same without prejudice and then within two months called the strike.

Whatever may be the rulings of other circuit courts of appeal on this question, it seems to be settled in the Fifth Circuit in favor of the defendant union in this case by the decision in the case of National Labor Relations Board v. International Furniture Company, 212 F.2d 431. There the court in part said as follows:

> "While there is a presumption that the majority status of the union continues after the year of certification, the employer has a right to refuse recognition after the year has passed where the refusal arises from a belief in good faith that the union does not represent a majority of the employees." See page 433.

In like manner, the rival union (defendant in this case) cannot be held liable for calling an unlawful strike in view of the fact that the union previously recognized had, at the time of this strike, ceased to represent a majority of the employees, as clearly shown by the stipulation of facts upon which this case was tried.

The above ruling is consistent with a position now taken by the National Labor Relations Board as evidenced by it's ruling in the case of Celanese Corporation of America, et al., decided July 27, 1951, reported in Vol. 95, Decisions of National Labor Relations Board, page 664, beginning on page 668. At page 672 the Board stated as follows:

"After the first year of the certificate has elapsed, though the certificate still creates a presumption as to the fact of majority status by the union, the presumption is at that point rebuttable even in the absence of unusual circumstances."

The above construction of this Act by the Board was expressly approved by language of the United States Supreme Court in the case of Brooks v. National Labor Relations Board, 348 U.S. 96, 75 S.Ct. 176, 181, 99 L.Ed. 125. The Court stated in part:

"The Board has ruled that one year after certification the employer can ask for an election, or, if he has fair doubts about the union's continuing majority, he may refuse to bargain further with it. This, too, is a matter appropriately determined by the Board's administrative authority."

While the foregoing language was not necessary to be used in the determination of the case under consideration, it nevertheless represents the unanimous opinion by that court.

The ruling herein made is also consistent with ruling by the District Court of the Eastern District of Missouri in the case of Kennedy v. Warehouse Workers Union, decided January 27, 1956, to the effect that injunction should not issue restraining a strike for recognition where the certified union after a year had lost the support of a majority of employees.

The plaintiff in this case relies largely upon decision by the Fifth Circuit in the case of National Labor Relations Board v. Sanson Hosiery Mills, Inc., 195 F.2d 350, and this Court was heretofore of the opinion that that case was controlling in behalf of the plaintiff in the instant case. There is much language in the Sanson case leading one to believe that the certification must be respected, even after a year has passed. The Board said in part:

"The existing certification must nevertheless be honored until lawfully rescinded." (See page 352).

However, in that case it appears that the certification in question was less than two years old, and at that time the Board, acting within its statutory authority, would not call a new election during the two-year period. The Court points out that the amendment approved October 22, 1951 to Section 9 of the Act did not control the decision in the case, and therefore, the decision in that case would not be controlling on a controversy which arose under the present Act more than one year after certification.

Under the facts stipulated to be true by the parties in this record, defendant's rival union had ceased to represent plaintiff's employees at the time this strike was called, more than a year after it's certification had elapsed, and no wage agreement was in existence. There is therefore no issue of fact as to defendant union's good faith in considering that it was not seeking to take recognition away from another union previously certified.

Defendant's motion to strike the complaint, supported by stipulations of fact, will be considered as a motion for summary judgment and it is hereby sustained and the action is dismissed with costs on plaintiff.